UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSE MERO, on behalf of himself, individually and on behalf of all others similarly situated,

                              Plaintiff,

                v.

AMERICAN ICE PRODUCTS II, INC., d/b/a AMERICAN PARTY ICE; AMERICAN PARTY ICE INC., d/b/a AMERICAN PARTY ICE; RAFAEL TINEO, individually; and JERRY TINEO, individually,

                              Defendants.

**MEMORANDUM AND ORDER**

21-CV-1684 (LDH)(MMH)

---

LASHANN DEARCY HALL, United States District Judge:

    Jose Mero ("Plaintiff"), individually and on behalf of all others similarly situated, brings the instant action against American Ice Products II, Inc., d/b/a American Party Ice; American Party Ice Inc., d/b/a American Party Ice; Rafael Tineo; and Jerry Tineo (collectively, "Defendants"), alleging violations of the minimum wage and overtime wage provisions of the Fair Labor Standards Act ("FLSA") and violations of the spread of hours pay, overtime wage, minimum wage, and accurate wage statements provisions of the New York Labor Law ("NYLL") and New York Codes, Rules and Regulations ("NYCRR").  Defendants move, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative Rule 56, to dismiss the complaint in its entirety.

# BACKGROUND[1]

Plaintiff is a former employee of Defendants. (Compl. ¶¶ 2, 8.) Defendants American Ice Products and American Party Ice are New York corporations. (*Id.* ¶ 9.) From the beginning of his employment until January 20, 2016, American Ice Products II, Inc. operated a Brooklyn-based ice wholesale business, doing business under the name American Party Ice. (*Id.* ¶ 18.) On January 21, 2016, American Party Ice Inc. was formally incorporated. (*Id.*) Ever since, the two entities have continued to operate as a single business under the name American Party Ice. (*Id.*) The entities share an address and employees and are both managed by individual defendants Rafael Tineo and Jerry Tineo, who serve as Chief Executive Officer and day-to-day manager, respectively. (*Id.* ¶¶ 10, 11, 12, 19.)

Plaintiff worked for Defendants as a "helper" from approximately 2010 until June 8, 2020. (*Id.* ¶¶ 2, 22.) As a helper, Plaintiff reported to Defendants' Brooklyn warehouse at the beginning of each shift to load delivery trucks. (*Id.* ¶ 23.) Plaintiff also assisted Defendants' drivers with ice deliveries in and around New York City, primarily in Queens, Brooklyn, Manhattan, and the Bronx, by traveling with the drivers and loading and unloading the trucks at various stops. (*Id.*) Plaintiff reported back to the warehouse at the end of each shift. (*Id.*) Plaintiff worked seven days per week, from 8:00 a.m. until sometime between 9:00 p.m. and 10:00 p.m. (*Id.* ¶ 24.) On occasion, particularly during the busy summer months, Plaintiff worked until 11:00 p.m. without a break. (*Id.*) As such, Plaintiff worked between 91 and 105 hours per week. (*Id.*) Defendants paid Plaintiff a flat rate of $80 per day, which was paid in cash, typically on a daily basis. (*Id.* ¶¶ 25, 29.) Defendants did not provide Plaintiff with wage statements. (*Id.* ¶ 30.)

---

[1] The following facts taken from the complaint (Compl. ECF No. 1) are assumed to be true for the purposes of deciding the instant motion.

As relevant here, Plaintiff alleges that, at all relevant times, the qualifying annual business of American Party Ice exceeded $500,000 and that the corporate Defendants were engaged in interstate commerce within the meaning of the FLSA, as they employed two or more employees, accepted cash payments, and relied upon trucks that came from out of state and are made with out of state parts. (*Id.* ¶ 13.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movants' initial

burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp.*, 477 U.S. at 325. Once the movants meet their initial burden, the non-movant may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in her favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts. *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

## DISCUSSION

The FLSA applies to "employees who . . . [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a) and (b). An employee is engaged in commerce or in the production of goods for commerce where "a substantial part of the employee's work [is] related to interstate commerce." *Divins v. Hazeltine Elecs. Corp.*, 163 F.2d 100, 103 (2d Cir. 1947). The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce," as a business that (1) has employees "engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) has an annual gross revenue of at least $500,000. 29 U.S.C. § 203(s)(1)(A).

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants argue that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction, because Plaintiff has not established individual or enterprise coverage such that the FLSA is applicable to this action. (Defs.' Mem. Supp. Mot. to Dismiss ("Defs.' Mem.") at 4–5,

4

ECF No. 34.) Plaintiff counters that whether FLSA coverage exists is an element of the claim, not a jurisdictional issue to be determined on a motion brought pursuant to Rule 12(b)(1). (Pl.'s Mem. L. in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n) at 2, ECF No. 35.) Plaintiff is correct.

The Supreme Court instructed, in *Arbaugh v. Y&H Corp.*, that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 1245, 163 L. Ed. 2d 1097 (2006) (holding that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue). "[T]here is nothing in the text of the FLSA that expresses a congressional intent to make the $500,000 requirement jurisdictional in nature." *Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 301 (E.D.N.Y. 2009) (Reyes, M.J.)  Thus, "whether [p]laintiffs can establish coverage is an element of [p]laintiffs' claim and is not determinative of the Court's jurisdiction." *Rocha v. Bakhter Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 343 (E.D.N.Y. 2014); *see also id.* at 344 ("Several courts in this Circuit have found that the question of whether defendants in a FLSA action meet the statutory definition of 'enterprise engaged in commerce' is not a jurisdictional question, but rather goes to the merits of the claim."); *Padilla*, 643 F. Supp. 2d at 300 ("The gross annual sales requirement is not jurisdictional because the plain language of the FLSA makes no reference to that requirement in jurisdictional terms").

Defendants' argument to the contrary, based upon a single district court case that pre-dates *Arbaugh*, is unpersuasive. (Defs.' Reply at 2, ECF No 36 (citing *Cariani v. D.L.C. Limousine Serv.*, 363 F. Supp. 2d 637 (S.D.N.Y 2005).)  That the Second Circuit later referenced that district court case for its analysis of the taxi cab exemption to the FLSA's overtime

5

requirements does not change this Court's conclusion. (*Id.* (citing *Munoz-Gonzalez v. D.L.C. Limousine Serv.*, 904 F.3d 208 (2nd Cir. 2018)). Nor does Defendants' belief that FLSA coverage is jurisdictional. (*Id.* at 2, n.1.) This is particularly so in light of post-*Arbaugh* case law explicitly finding coverage to be an element of a plaintiff's FLSA claim and not jurisdictional. *See Rocha*, 44 F. Supp. 3d at 344 (collecting cases). While it is true that Plaintiff will ultimately be required to prove that Defendants grossed more than $500,000 annually during the relevant time period, the Court has jurisdiction over Plaintiffs' FLSA claims regardless of whether Plaintiff can ultimately prevail on the merits. *Padilla*, 643 F. Supp. 2d at 301.

Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction, brought pursuant to Rule 12(b)(1), is an inapplicable basis for dismissal on the grounds raised.[2] Defendants' motion to dismiss is therefore denied.

## II.   Motion for Summary Judgment

Defendants alternatively move for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on the same basis—that Plaintiff has failed to prove individual or enterprise coverage under the FLSA. (Defs.' Mem. at 1, 4–5.) Plaintiff urges the Court to deny Defendants' motion for summary judgment based on Defendants' failure to properly move under Rule 56. (Pl.'s Opp'n at 12.) Plaintiff alternatively argues that issues of material fact prevent summary judgment in favor of Defendants, at least on the question of enterprise coverage.[3] (*Id.* at 12–14.)

---

[2] Indeed, Defendants concede that "there is authority for the proposition that FLSA coverage is not a jurisdictional issue; as such, in an abundance of caution, Defendants are also seeking summary judgment pursuant to Fed. R. Civ. P. 56." (Defs.' Mem. at 4 n.1.).
[3] Plaintiff does not argue that issues of fact exist with respect to individual coverage or that he has satisfied individual coverage here.

"[S]ummary judgment should only be granted if after discovery, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (citing *Berger v. United States*, 87 F.3d 60, 65 (2d Cir.1996) (internal quotation marks and alterations omitted). "The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." *Id.* (quoting *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery. *Id.* at 98 (vacating district court's grant of summary judgment for defendant where plaintiff was not granted opportunity to conduct discovery to adduce evidence to support his claim). This is not one such case. Here, Defendants have not filed an answer to the complaint and the parties have not engaged in any discovery, even on the limited issue debated here. Plaintiff has not had an opportunity to adduce evidence to support his claim. As such, Defendants arguments regarding the sufficiency or credibility of Plaintiff's affidavit are unavailing. Summary judgment at this stage is premature.

In any event, Defendants have utterly failed to comply with the local and individual rules of this Court. "A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Pensionsversicherungsanstalt v. Greenblatt*, 556 Fed App'x 23, 25 (2d Cir. 2014), *as amended*, (Mar. 5, 2014) (summary order) (citation omitted). *First*, Defendants filed a motion for summary judgment despite the fact that the Court did not grant Defendants permission to do so. By order dated August 11, 2021, this Court denied Defendants' request for a pre-motion conference on an anticipated motion to dismiss or, in the alternative, for summary judgment and instead granted Defendants permission to file a motion to

7

dismiss. (Aug. 11, 2021 Order.) The Court did not, however, direct Defendants to file a motion for summary judgment. Indeed, as stated above, such a motion is premature. *Second*, Defendants failed to submit a Statement of Undisputed Facts in support of the summary judgment motion, as required under Rule 56.1 of the Local Rules of the United States District Courts of the Southern and Eastern Districts of New York, and this Court's Individual Rules. "Failure to submit [a Rule 56.1 statement] may constitute grounds for denial of [a] motion [for summary judgment]." Local Rule 56.1(a); *see also Genova v. Cty. of Nassau*, 851 F. App'x 241, 244 (2d Cir. 2021) (summary order) (citing *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)) (noting that Second Circuit precedent makes clear that where a party has failed to file a Local Rule 56.1 statement, the district court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements). The local and individual rules exist for a reason. Defendants are not exempted from these rules merely because Defendants unilaterally decided "to present two types of motions in [what Defendants determined to be] the clearest manner." (Defs.' Reply at 3.) Accordingly, Defendants' motion for summary judgment is denied, with leave to renew after discovery. The Court does, however, recognize that whether Defendants meet gross revenue required for enterprise coverage may indeed be dispositive in this case. For that reason, Defendants may seek to initially limit discovery to that issue.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction, or in the alternative for summary judgment, is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      September 29, 2023

/s/ LDH_____  
LaSHANN DeARCY HALL  
United States District Judge

8